FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2016 FEB 12 A 10: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Maria Rivas )
)
*Plaintiff* )
)
v. )
) Civil Action No.: 1:16CV146 LO/JFA
New Penn Financial, LLC )
d/b/a Shellpoint Mortgage Services )
*Serve*: )
Corporation Service Company )
Bank of America Center, 16th Floor )
1111 East Main Street )
Richmond, VA 23219 )
)
*Defendant*. )

## COMPLAINT

1. Defendant New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint") sent Maria Rivas a debt collection letter after being notified that she was being represented by counsel and directed to address all communication to her attorney. This action served to undermine Ms. Rivas' rights under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692c(a)(2). Jurisdiction over plaintiff's claim lies in this court pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in this court as the communication complained of herein was received by a consumer at her residence in Fairfax County, Virginia.

### Parties

2. Plaintiff Maria Rivas is an adult resident of Fairfax County. She is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3). Many years ago,

plaintiff was the homeowner on the title and obligor on the mortgages of 604 Gibson Dr. SW, Vienna, VA 22180, which was her sole residence.

3. Defendant Shellpoint is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), because it uses the mail in a business that regularly collects and attempts to collect debts owed or due to another, and also regularly collects and attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Shellpoint became the servicer of the account at issue in this case after the debt was already in default.

## Facts

4. On November 30, 2005, Maria Rivas bought her sole residence at 604 Gibson Drive SW, Vienna, VA 22180. She financed the purchase with an 80/20 mortgage, both with Washington Mutual. The mortgages featured extremely high fixed rates given prevailing interest rates, including a 10.85% thirty-year fixed rate on the second mortgage, 631 basis points over the 10-year yield. Historical average rates for first mortgages in November 2005 were at 6.28%. The high fixed rate and monthly payments potentially indicates steering into unsuitable products.

5. Subsequently, Ms. Rivas's employer reduced her hours at the same time her son lost his construction job, resulting in a substantial drop in her household income. Less than three years after the mortgages were originated, Ms. Rivas found herself unable to stay current on her payments.

6. She lost the home due to foreclosure on the first mortgage, and received no cash for the equity she had established in the house. She moved out and did not receive communications about the home for several years (Subsequently, the home was

2

demolished and a developer built a McMansion on the same lot.) The second lien mortgage on this home is the subject of this lawsuit.

7. On June 29, 2015, Ms. Rivas was informed by letter that servicing of her loan had been transferred to Shellpoint Mortgage Servicing, with Shellpoint accepting payments beginning July 22, 2015.

8. On July 20, 2015, Ms. Rivas' counsel informed Shellpoint by letter that "all communications regarding this matter, whether by mail or by telephone, should be exclusively through [her attorney]." The letter additionally disputed and requested verification of the debt. A copy of this letter is attached hereto as Exhibit A and its contents expressly incorporated herein by reference.

9. On August 4, 2015, Shellpoint responded to Ms. Rivas' counsel by letter, explaining that it was "working to gather the requested information and will forward it to you within the allotted timeframe." Ten days later on August 13, 2015, Shellpoint sent Ms. Rivas' attorney a number of records relating to the debt.

10. On November 17, 2015, Shellpoint mailed a Validation of Debt Notice directly to Ms. Rivas. A copy of this letter is attached hereto as Exhibit B, and its contents expressly incorporated herein by reference. Knowing that any communication pertaining to the loan would be sent to her attorney, Ms. Rivas did not at first recognize that the letter was from Shellpoint, and opened it a week or two after receipt.

11. Through this November letter, defendant Shellpoint communicated directly with Ms. Rivas regarding the collection of a debt, after it had been informed in writing that she was represented by counsel, and after having communicated with counsel regarding the same debt.

12. This communication violated the FDCPA, which provides that a debt collector may contact only the attorney after it has been informed a debtor is represented by counsel in a given matter.

13. The November 2015 communication greatly distressed Ms. Rivas. At the time she received the letter from Shellpoint, she had already been experiencing chest pains that would require surgery; she was in constant pain, she could not drive, and she could not work. To learn that her creditors would continue to pursue her directly, despite knowing that she had an attorney, only added to Ms. Rivas's pain. She experienced headaches and trouble sleeping. In addition to her headaches and lack of sleep, Ms. Rivas also suffered a great deal of stress.

14. This was the second time Ms. Rivas had been assured that her rights under the FDCPA protected her from direct communications from a debt collector when represented by counsel, only for the debt collector to undermine that protection. Before Shellpoint became the loan servicer for the mortgage, the loan was serviced by Ocwen Loan Servicing, LLC (Ocwen). Eight years after the home was foreclosed upon, Ocwen sent Ms. Rivas a collection letter. Ms. Rivas obtained counsel, who directed Ocwen that communication should only be through Ms. Rivas's attorney. Still, Ocwen sent a collection letter directly to Ms. Rivas, which confused and intimidated Ms. Rivas. Ms. Rivas, by counsel, brought a lawsuit against Ocwen on March 3, 2015 (Civ. No. 1:15CV283). The case was settled out of court on August 4, 2015, and Ms. Rivas again understood the matter to be resolved.

15. Just three months later in November 2015, Shellpoint committed the same violation of the FDCPA by knowingly sending a letter directly to Ms. Rivas, who was represented by counsel.

## CAUSE OF ACTION

### Count I: Violation of the FDCPA- Communication not through Attorney as Directed

16. At all times relevant to this action, defendant was a debt collector within the meaning of the FDCPA because it is a business which regularly collects and attempts to collect debts owed or due to another. Defendant obtained the servicing rights to the account at issue long after default.

17. Ms. Rivas is a consumer within the meaning of the FDCPA, and her debt at issue in this lawsuit is a consumer debt within the meaning of the FDCPA as it arose out of the purchase of her sole residence.

18. By means of its November 17, 2015 letter as set forth above, sent to Ms. Rivas directly and not to her attorney as directed in written communication, defendant violated the FDCPA, 15 U.S.C. § 1692c(a)(2), to Ms. Rivas' injury, and is thus liable to her in damages.

19. Defendant's noncompliance with the FDCPA was intentional within the meaning of 15 U.S.C. § 1692k, as defendant intended to mail the letter that it did, in fact, send to Ms. Rivas, not to her counsel as directed.

## **Requested Relief**

Wherefore, plaintiff Maria Rivas respectfully requests that the court provide the following relief:

20. An award of statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2), as well as actual damages (including emotional distress) as determined by the jury pursuant to 15 U.S.C. § 1692k(a)(1).

21. An award of plaintiff's costs and reasonable attorney's fees as appropriate under the FDCPA, 15 U.S.C. § 1692k(a)(3).

22. Such further relief as this court deems appropriate.


Plaintiff requests trial by jury.


Date: 2/12/16

Respectfully submitted,

MARIA OLINDA RIVAS

By counsel.

_____
Simon Y. Sandoval-Moshenberg, Esq. (VA 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 720-5605 / fax (703) 778-3454
simon@justice4all.org
*Counsel for plaintiff Maria Rivas*